UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

McDONALD GEORGIA COMMERCE
CENTER 400, LLC,

Plaintiff,

v. 4:12-cv-299

F & C LOGISTICS, INC., and NESOR,
INC.,

Defendants.

## ORDER

## I. INTRODUCTION

Before the Court is Plaintiff McDonald Georgia Commerce's ("McDonald") Expedited Motion To Obtain Order On Dispossessory Action Pursuant to Georgia Law Or Alternative Order Requiring Payment Of Rent Or An Expedited Hearing To Determine Plaintiff's Right To Same. ECF No. 10. McDonald requests the Court order F & C Logistics, Inc. ("F&C") and Nesor, Inc. ("Nesor") to relinquish possession of certain commercial property to McDonald, or in the alternative, pay to the Court past due rent and rent as it becomes due and the Court pay the same to McDonald until the Court can decide the possession issue. *See id.* at 3. The Court cannot determine the possession issue in the timeframe McDonald requests. McDonald is, however, entitled to the alternative relief requested. For the following reasons, the Court therefore *GRANTS* McDonald's motion requiring payment of rent by F&C and Nesor to the Court.

## II. BACKGROUND

McDonald and F&C signed a lease in 2007 for a piece of commercial property in Chatham County, Georgia. *See* ECF 10-1 at 7. Nesor, as parent company of F&C, agreed to guaranty the complete payment and performance of F&C on the lease. *See id.* at 29. The lease commenced around January 15, 2008 and is set to expire May 31, 2013. *Id.* at 34. McDonald alleges that F&C breached the lease by not paying rent for November and December of 2012. *See* ECF No. 10 at 6.

Per the lease, the monthly rent for those two months is $103,509 in base rent; "plus additional rent . . . in the form of [F&C's] proportionate share of . . . property taxes, common area operating and maintenance fee ("CAM"), and [McDonald's] insurance relating to the Premises." *Id.* at 4; ECF No. 10-1 at 8-10. For November 2012, McDonald avers F&C's additional rent came to "approximately $19,082." ECF No. 10 at 6. F&C's December "proportionate share" allegedly came to $26,065. *Id.*

McDonald originally brought suit in Chatham County State Court. *See* ECF No. 1-1 at 5. F&C and Nesor subsequently removed to this Court. ECF No. 1. Removal is proper under 28 U.S.C. 1441(b) and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## III. ANALYSIS

When a tenant "fails to pay the rent when it becomes due," an owner may "demand the possession of the property so rented."

O.C.G.A. § 44-7-50.[1] "If the tenant refuses . . . to deliver possession," the owner may go before a judge of any court with jurisdiction over the subject matter and seek the return of the property. *Id.* When an owner brings such a suit, "[e]very effort should be made by the trial court to expedite the trial of the issues." *Id. at* § 53(b). But if "the issue of the right of possession cannot be finally determined within two weeks from the date of service . . . the tenant shall be required to pay into the registry of the trial court: (2) All rent and utility payments which are the responsibility of the tenant payable to the landlord under terms of the lease allegedly owed prior to the issuance of the dispossessory warrant." *Id.* at § 54(a).

More than two weeks have already passed since the date of service in this case. *See* ECF No. 1 (filing date for notice of removal of November 26, 2012). And the Court has not decided yet the right of possession issue, nor can it at this juncture. O.C.G.A. § 44-7-54(a) therefore requires F&C and Nesor to pay to this Court "[a]ll rent and utility payments . . . payable to [McDonald] under terms of the lease allegedly owed prior to the issuance of the dispossessory warrant." F&C and Nesor, moreover, consent to such payments. *See* ECF Nos. 3 at 17; 11 at 17. The only question remaining pertains to the amount F&C and Nesor must pay to the Court.

"In the event that the amount of rent is in controversy," the parties "may submit to the court any written rental contract for the purpose of establishing the amount of rent to be paid into the registry of the court." O.C.G.A. § 44-7-54(a).

The lease here provides for $103,509 in base rent for the months of November and December of 2012. *See* ECF No. 10-1 at 8. And it defines additional rent as the tenant's "proportionate share" of property taxes, CAM fees, and insurance related to the property. *Id.* at 9-11. McDonald has submitted a report detailing F&C's alleged proportionate share of insurance reimbursement, property tax reimbursement, and CAM fees for November and December, 2012. *See* ECF No. 10-1 at 42. For November 2012, those amounts total $26,064.55. *Id.* For December 2012, they total $19,082. *Id.*

## IV. CONCLUSION

Accordingly, the Court **ORDERS** F&C and Nestor to pay into the Court the sums of $129,573.55 for November, 2012, and $122,591.00 for December, 2012. And until the Court decides the right of possession issue, F&C and Nestor are **ORDERED** to pay into the Court by the first of each month $103,509.00 in base rent. F&C and Nesor shall pay rent for January 2013 into the Court no later than January 12. As the amount of additional rent due monthly appears to vary, the Court cannot calculate with reasonable specificity that amount for months beyond November and December, 2012.

The Court **DECLINES**, however, to order payment to McDonald of any of the sums received from F&C and Nestor. O.C.G.A. § 44-7-54(c) requires "[t]hat part

---

[1] "As a federal court sitting in diversity jurisdiction," this Court must "apply the substantive law of the forum state, in this case [Georgia], alongside federal procedural law." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

of the funds which is a matter of controversy" to "remain in the registry of the court until a determination of the issues." And all of the sums McDonald requests are in controversy. F&C and Nestor assert counterclaims for breach of contract and fraud against McDonald for allegedly failing to deliver on promises of railroad access for the property in question. *See, e.g.*, ECF No. 3 at 19-23. As a result of the alleged breach, they deny that they owe McDonald rent for November and December of 2012. *See id.* at 10-11; ECF No. 11 at 10-11. The money F&C and Nestor must pay therefore will remain with the Court until it addresses the right of possession issue.

This 2nd day of January 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA