UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

McDONALD GEORGIA COMMERCE CENTER 400, LLC,

Plaintiff,

v.     4:12-cv-299

F & C LOGISTICS, INC., and NESOR, INC.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is McDonald Georgia Commerce's Motion to Reconsider Order Declining the Forwarding of Rent Payment to Plaintiff. ECF No. 16. At bottom, McDonald asks the Court to release the rent payments F&C has paid into the Court's registry because, as McDonald sees it, there is no controversy as to the amount of rent due McDonald. See ECF No. 16 at 2. The Court agrees and *GRANTS* the motion.

### II. BACKGROUND

On June 8, 2007, F&C and McDonald executed a lease, guaranteed by Nesor for a piece of commercial property. See ECF No. 10-1 at 7, 29. F&C agreed "to pay [McDonald] rent for the Premises . . . without demand, deduction, or set off." ECF No. 10-1 at 7.

Last year, McDonald brought this dispossessory proceeding alleging that F&C breached the lease by not paying rent for November of 2012. ECF No. 10 at 6-7. F&C counterclaimed "for damages owed to them due to [McDonald]'s fraudulent inducement and breach of the Lease for failure to deliver on promises of railroad access among other things." ECF No. 17 at 3.

In response to McDonald's motion for writ of possession, ECF No. 10, and in compliance with O.C.G.A. § 44-5-74(a),[1] this Court ordered F&C to pay into the Court's registry rent for November and December 2012, as well as base rent in the amount of $103,509 per month as it comes due until the termination of the lease on May 31, 2013. See ECF No. 12 at 2-3. The Court, however, found the rent funds to be in dispute and pursuant to O.C.G.A. § 44-7-54(c)[2] declined to order payment of the money to McDonald. Id. at 2. To date, F&C has fully complied with the Court's Order.

### III. ANALYSIS

Federal Rule of Civil Procedure 60(b)(6)[3] provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding . . . for any . . . reason that justifies relief." But "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." *Popham v. Cobb County*, 392 Fed. App'x 677, 680 (11th Cir. 2010) (quoting *Frederick v. Kirby*

---

[1] Section 44-7-54(a) states that "[i]n any case where the issue of the right of possession cannot be finally determined within two weeks from the date of service of the copy of the summons . . . [a]ll rent and utility payments . . . allegedly owed prior to the issuance of the dispossessory warrant" shall be paid into court.

[2] Section 44-7-54(c) provides that "if the tenant claims that he or she is entitled to all or any part of the funds and such claim is an issue of controversy in the litigation . . . [t]hat part of the funds which is a matter of controversy in the litigation shall remain in the registry of the court until a determination of the issues by the trial court."

[3] McDonald does not seek reconsideration under any of Rule 60's five other grounds. See ECF No. 16 at 1.

*Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000)). Indeed, a movant "must show grounds in his motion so compelling that the district court [is] required to grant the Rule 60(b) motion." *Watson v. Lake County*, 2012 WL 5273273, Nos. 12-10592, 12-11573, at *3 (11th Cir. Oct 25, 2012) (citing *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)). Ultimately, however, Rule 60(b)(6) enables courts to vacate orders "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949).

McDonald argues that (1) payment of rent is an independent obligation under a lease whose existence F&C cannot dispute and thus the amount of rent is not a "matter of controversy" for purposes of O.C.G.A. § 44-7-54(c), ECF No. 16 at 2; and (2) public policy—in this case, the hardship of McDonald paying its mortgage on the property leased to F&C without the funds held in the Court's registry—compels reconsideration of the Court's Order. ECF No. 16-1 at 9-11.

F&C, on the other hand, asserts that (1) it does not owe rent because McDonald fraudulently induced F&C to execute the lease, ECF No. 17 at 9-10; and (2) its various counterclaims are in essence claims to the funds in the Court's registry.[4] *Id.* at 10-12. Therefore, F&C argues, the money it paid into the Court's registry is a "matter in controversy" and must remain with the Court "until a determination of the issues." O.C.G.A. § 44-7-54(c); ECF No. 17 at 9.

McDonald has the better argument. As a threshold matter, the Court finds that F&C is estopped from denying the existence of a valid contract with McDonald. As McDonald correctly points out, F&C certified to JPMorgan Chase Bank in December 2011 that (1) F&C "is the lessee" under a lease with McDonald; (2) "the Lease is in full force and effect"; and (3) "[a]ll of the improvements contemplated by the Lease have been completed." ECF No. 10-1 at 83. F&C cannot now claim—in direct contradiction to its prior representations—that no valid contract ever existed, that it therefore had no obligation to pay rent, and thus that the rent money it paid into the Court's registry is a "matter of controversy." O.C.G.A. 44-7-54(c); *see, e.g.*, *Ferguson v. Carter*, 208 Ga. 143, 145 (1951) (holding that acceptance of defendant's performance estopped plaintiff from denying the validity of a contract, even though the plaintiff's agent entered into the contract without authority).

McDonald also is correct that payment of rent is an independent obligation under Georgia contract law. *See, e.g.*, *Lewis & Co. v. Chisholm*, 68 Ga. 40, 46 (1881) (holding that a landlord's failure to repair does not impair his claim for unpaid rent). So, F&C's obligation to pay rent exists wholly apart from any right to damages that may have accrued from McDonald's alleged breach.

Regardless, the lease itself expressly provides that base rent must be paid "without demand, deduction or set off." ECF 10-1 at 7; *see also Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*, 184 Ga. App. 822, 824 (1987)

---

[4] F&C argues that the doctrines of setoff and recoupment ensure the interdependency of the damages it and McDonald claim. ECF No. 17 at 10. Although the Court more fully addresses the underlying substance of this argument *infra*, the doctrines of setoff and recoupment simply do not apply. Both are counterclaims and must be plead as such. *See Hill v. Green Tree Servicing, LLC*, 280 Ga. App. 151, 154 (2006). F&C pleaded neither.

2

(affirming grant of possession to landlord because a no setoff lease provision prohibited tenant from withholding rent to compensate for debts landlord owed tenant). F&C therefore had no right to withhold rent because of a perceived breach by McDonald. Certainly the amount of damages F&C alleges McDonald caused may be a "matter of controversy," but that dispute, by virtue of contract law and the lease's own language, does not create a dispute as to the funds held by the Court. O.C.G.A. § 44-7-54(c).

Lastly, the Court also notes that retaining F&C's rent payments places McDonald "in a very difficult position because the Premises are financed through a lender." ECF No. 16-1 at 10. McDonald is being "forced to satisfy its mortgage obligation without the use of the income stream provided by the Base Rent under the Lease." *Id.* That alone is insufficient to warrant vacating the Court's January 2 Order. But in light of the Court finding the validity of the lease a non-issue, the negative impact on McDonald's mortgage of the Court retaining F&C's rent payments does make reconsideration contribute to "accomplish[ing] justice." *Klapprot*, 335 U.S. at 615.

McDonald has also demonstrated clear legal error in the Court's January 2 Order declining to forward F&C's rent payments to McDonald. As discussed above, the funds held in the Court's registry are not, as a matter of law, a "matter of controversy" for purposes of O.C.G.A. § 44-7-54(c). The Court finds that error, in combination with the negative implications of its January 2 Order for McDonald's mortgage, to constitute an extraordinary circumstance warranting reconsideration. *See Popham*, 392 Fed. App'x at 680.

## IV. CONCLUSION

F&C is estopped from denying the existence of a valid contract. And under that contract, F&C owes McDonald rent without setoff. No breach by McDonald changes that. *See Chisholm*, 68 Ga. at 46. The rent due is not a "matter in controversy" for purposes of O.C.G.A. § 44-7-54(c).

The Court, in an exercise of its discretion under Rule 60(b)(6), **GRANTS** McDonald's motion for reconsideration. The Court **VACATES** only the portion of its January 2 Order declining to order payment to McDonald of rent received by the Court from F&C.

The Clerk is **ORDERED** to pay to McDonald the $459,182.55—$129,573.55 for November 2012; $122,591.00 for December 2012; and $103,509 for January 2013—that F&C has paid into the Court's registry to date. The Court also **ORDERS** the Clerk to disburse to McDonald all future payments of base rent F&C makes pursuant to the Court's January 2 Order.

This 19 day of February 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3